_____
NOTARY PUBLIC

Greg **MARQUES**, et al., Plaintiffs,

v.

**GABRIEL, INC.**, et al., Defendants.

**No. C–1–89–0867.**

United States District Court, S.D. Ohio, W.D.

March 6, 1991.

Meredith Lawrence, Covington, Ky. and James Helmer, Jr., Cincinnati, Ohio, for plaintiffs.

Donald Mooney, Jr., Cincinnati, Ohio, and James DeLeone, Columbus, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court under the following circumstances: In preparation for litigation and for trial thereof, plaintiffs' counsel conducted a series of interviews with fact and expert witnesses. These interviews were attended by a person skilled in the use of a stenotype machine, who made a record of the witness statements and later transcribed them. The operator was in fact a court reporter although she was not functioning in that capacity at the time. At some time subsequent to the interviews, defense counsel learned that the interviews had been transcribed and was able to purchase the transcripts from the stenotypist in question. Defense counsel supplied copies of the interviews to defendants' expert as well as to defendants' in-house counsel. Plaintiffs contend that the information obtained includes attorney work product and is therefore immune from any discovery inquiry.[1]

The litigation in question concerns an automobile accident in which a vehicle driven by plaintiff Greg Marques' brother left the highway at a curve and struck a tree, seriously and permanently injuring Greg Marques, a passenger in the automobile. Defendant Gabriel, Inc. is a manufacturer of shock absorbers which plaintiffs allege were the proximate cause of the accident.

The Court has held two hearings on this matter, one on January 3, 1991 and the other on March 1, 1991. The latter hearing had been requested by counsel for defendant who wished to present evidence and witness testimony. Subsequently, defense counsel waived such presentation and agreed to submit the matter on the memoranda already supplied. Plaintiffs' counsel declined to so proceed. Neither side presented any witnesses and the March 1, 1991 hearing was accordingly confined to oral argument.

In an effort to determine what plaintiffs' counsel considers to be work product, the Court requested and plaintiffs' counsel supplied *in camera* examples of what he deems to be work product and non-discoverable. The Court has considered the memoranda filed by both parties and has read with care the *in camera* submission.[2]

The problem presented herein is an unusual one and may be a matter of first impression. There is ample authority to instruct a trial court where discovery is sought and resisted. There is little such assistance where the information is already in the hands of a defendant, his expert and defense counsel. The latter problem is the equivalent of "unscrambling an egg." The inherent difficulty confronted by the Court is the resolution of the contrary principles of work product protection as articulated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and the wide latitude of discovery set forth in Rule 26 of the Federal Rules of Civil Procedure. The Court has found assistance in the observations of the United States Court of Appeals for the Sixth Circuit in *In Re: Antitrust Grand Jury*, 805 F.2d 155, 162 (6th Cir. 1986). Commenting on the attorney-client privilege and the attorney work product doctrine, the Court of Appeals observed:

> "However, it [attorney client privilege] is not an absolute privilege. It applies only where necessary to achieve its purpose and protects only those communications necessary to obtain legal advice."

1. Several motions have been filed by both parties with respect to this dispute. The Court herein addresses and disposes of these pending motions: Doc. Nos. 34, 36, 37, 43, 44, 45, 51, 52, 63, 65 and 69.

2. The Court notes in passing that the *in camera* presentation contains a typographical error in the fourth answer listed on page fifteen. The Court will assume that the word "read" should be read as "rear".

An absolute freedom from discovery of attorney work product was rejected by the Supreme Court in *Hickman:*

> "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had."

*Id.* at 511, 67 S.Ct. at 394. Defining the limits of discovery where attorney work product may be at issue requires the Court to evaluate a particular dispute in light of those concerns raised in *Hickman.*

The matter is further complicated by a consideration of what relief is appropriate for plaintiffs as well as what sanctions proportionately reflect the incursions made by defense counsel. If the Court may borrow from other concepts of law, it seems that there is a distinction between "sanctions in personam" and "sanctions in rem". Whatever punishment the Court may assess against defense counsel, sanctions in personam cannot erase the knowledge already possessed by counsel and a monetary award merely adds to the cost of defense. Sanctions in rem which would apply to the privileged material involved must be carefully fashioned in order to prevent defense counsel from taking advantage of that which counsel improperly obtained while still permitting defense counsel to make a proper defense. A trial in a court of law in the final analysis must be a search for the truth. Sanctions in rem should not obscure those facts pertinent to this search.

█ The sanctions in personam may be disposed of without too much difficulty. The law firm representing Gabriel, Inc. is hereby assessed $25,000 together with an award to plaintiffs' counsel for reasonable attorney's fees and costs incurred as a result of their efforts to bring this matter to the Court's attention. The award of $25,000 will be payable to plaintiffs. Plaintiffs' counsel is directed promptly to present the total of such costs and attorney's fees to the Court. Since the Court has been advised that the lawyer who improperly obtained this information has been removed from defense of this case, the Court finds no reason to pursue that issue any further.

█ In an attempt to impose equitable sanctions in rem, the Court must proceed on the basis of the fictitious but helpful legal notion of the "reasonably competent attorney". Those matters that an attorney would obtain in a reasonably competent course of discovery may not be barred from defense counsel. Those matters that a reasonably competent attorney would not have properly discovered because they are the fruits of plaintiffs' counsel's work, concepts, plans and strategies are barred from use. In this connection, the Court holds that plaintiffs' theories of recovery are discoverable and, if not discovered by defense counsel prior to the purchase of the transcriptions, would have been in the ordinary course of discovery. In the same fashion, opinions held by expert witnesses are discoverable in accordance with Rule 26(b)(4). Personal information regarding the plaintiffs not pertinent to the accident are free from discovery and may not be used by defense counsel. Information obtained from the interviews which reveal plaintiffs' counsel's strategies are not discoverable.

In accordance with the foregoing, the Court will impose the following "in rem" sanctions:

1. Defendants may not conduct any further discovery after the date of this Order.

2. This case will proceed to trial as scheduled.

3. Any motions in limine brought by plaintiffs which demonstrate use of information obtained only from the transcriptions in question will be granted.

Additional sanctions are unnecessary because defense counsel has complied with two additional requirements: the return of all copies of witness interviews to the Court and the assignment of new trial counsel for defendant.

Plaintiffs' oral motions for default and for removal of the entire law firm currently retained by defendant are hereby each DENIED.

There is an axiom in life that one should not seek the best possible result but rather the best result possible. The best possible result would be to expunge from the memories of defense counsel and defendant any knowledge obtained from the transcriptions in question. Such a result cannot be obtained. The alternative, to wit the best result possible, preserves this case in a posture where the "playing field" is not tilted in either direction so that a trial on the merits of this case may commence.

This litigation is in its second year of existence. It has been set for trial less than sixty days from the date of this Order. While the matters contained in this Order may be significant for appellate review, the Court will not proceed under 28 U.S.C. § 1292(b) to certify this matter for interlocutory appeal.

IT IS SO ORDERED.